STATE v. ROBERT MUNDAY.

*Indictment—False Pretence—Sale of Land.*

An indictment for obtaining goods under false pretences can be maintained against one who sells and conveys land for a price, by falsely representing it to be free from incumbrances and the title thereto perfect, when the land is in fact encumbered with a mortgage known to the defendant.

(*State* v. *Burrows*, 11 Ire. 477 ; *State* v. *Phifer*, 65 N. C. 321, cited, distinguished and approved.)

INDICTMENT for Obtaining goods under False Pretences, tried at Fall Term, 1877, of WATAUGA Superior Court, before *Cloud, J.*

The bill of indictment was as follows : The jurors, &c., present, that Robert Munday, &c., unlawfully did falsely pretend to one Joseph Moretz, that he, Munday, was seized in fee and possessed of a certain tract of land lying, (describing the land) and that said Munday had a good title to the same free from all incumbrances whatsoever, by means of said false pretence, he, the said Munday, did then and there induce said Moretz to purchase said land, and by means of said false pretence, did then and there obtain from said Moretz the sum of $300, with intent then and there to cheat and defraud said Moretz of the same, and did then and there make and execute to said Moretz a deed in fee to said land, with assurances that the title to the same was free from all incumbrances ; Whereas in truth and in fact the said Munday had made, before the day of said sale and purchase of the land aforesaid, a good and sufficient mortgage on said land to one James Winkler to secure the payment of $100, which said mortgage has been duly admitted to probate and recorded in the office of the Register of Deeds in the County aforesaid, and constituted at the time

of said sale and purchase by said Moretz, an incumbrance on said land and the title thereto, and does still constitute an incumbrance on said land, to the great damage of him, the said Moretz, to the evil example of all others in like case offending, against the form of the statute, &c.

After a verdict of guilty was rendered by the jury, the defendant's counsel moved in arrest of judgment. Motion allowed, and *Cowles*, Solicitor for the State, appealed.

*Attorney-General*, for the State.
*Mr. G. N. Folk*, for the defendant.

READE, J. A says to B, here is a tract of land which belongs to me, and to which I have a perfect title, free from incumbrance; I will sell it to you and make you a perfect title for $300. B says I will give it, and he does give it. It turns out that A had no title, or an incumbered one, and that he knew it at the time, and intended to cheat and defraud B out of his money. And B was defrauded. Is that a false pretense indictable in A? The defendant says it is not, because false pretense is akin to larceny, and that land is not the subject of larceny, and that neither land nor any transaction conveying land is the subject of false pretense. And for this, *State* v. *Burrows*, 11 Ire. 477, is cited.

In that case the defendant had by a false pretense induced the prosecutor to convey to him 20 acres of land, and the charge was " to cheat and defraud the prosecutor of 20 acres of land." It was held that to obtain land by false pretence was a *fraud*, but that it was not indictable under the statute which embraced only such personalties as were the subjects of larceny. How does that affect this case? Here is no charge of obtaining *land*, by a false pretense, but of obtaining *money* by false pretence. And surely money is the subject of larceny.

It is suggested that title to land is often an abtruse ques-

tion, and that one who is not a lawyer, and indeed one who is, may be innocently mistaken about it, and therefoi◌ may be punished for an innocent act. Not at all. A *mistake* is not indictable. A *pretence* is not indictable. A *false pretence* is not indictable. It must be a false pretence with intent to cheat and defraud, and which does cheat and defraud.

We were not favored with an argument for the defendant, and his brief refers only to *State* v. *Burrows.* If there is any other alleged defect in the indictment, our attention was not called to it, and we have discovered none, although the indictment is not very well framed. .

There is error in the arrest of judgment. This will be certified to the end that there may be judgment upon the verdict. *State* v. *Phifer*, 65 N. C. 321. .

Error.

PER CURIAM.                              Judgment reversed.