EDWARD F. THOMAS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 15, 1885.*

1. CRIMINAL LAW—*of the indictment—for conspiracy to obtain goods by false pretences.* Where the act to be accomplished by a conspiracy is illegal, as, to obtain the goods of another by false pretences, it is not necessary to specify in the indictment the means by which it was intended to be accomplished.

2. So a count in an indictment that the defendants, on, etc., at, etc., feloniously, fraudulently and deceitfully did conspire and agree together, with the fraudulent and malicious intent then and there, feloniously, wrongfully and wickedly, to obtain one horse, of the value of $75, and describing other property in like manner sought to be obtained, and giving its value, the personal goods and property of K. C., from the said K. C., by false pretences, and to cheat and defraud her, the said K. C., of the same, contrary, etc., is substantially good.

3. SAME—*misjoinder of counts.* A conspiracy to obtain the goods of another by false pretences being only a misdemeanor, both at common law and by our statute, though punishable by confinement in the penitentiary, an indictment charging such offence in two counts, with a third charging the obtaining of the same goods by false pretences, will not be obnoxious to the objection of a misjoinder of counts.

4. SAME—*conspiracy to defraud—negligence of the party conspired against.* Where several persons conspire together to obtain the goods of another by false pretences, and obtain such goods upon the false assurance that one of them has a clear title to certain lots which are given in exchange, the fact that the owner of the goods was induced, by his confidence in the false assurances, to forego an examination of the records, which would have shown the defendants had no good title to convey, and was negligent in rely-

ing upon the representations made, will not prevent a conviction of the defendants so conspiring together.

5. SAME—*one good count—general motion to quash.* A general motion to quash an indictment containing several counts, should be overruled if any count thereof is good.

6. SAME—*one good count—general verdict.* A verdict finding the defendants guilty of a conspiracy to obtain goods by false pretences, under an indictment containing two counts for such offence, will be sustained if either of the counts is good.

7. SAME—*verdict of guilty as to a portion of several counts—effect as to the other counts.* Where an indictment contains three counts, two of them charging a conspiracy to obtain goods by false pretences, and the third for obtaining goods by false pretences, a verdict finding the defendants guilty of the conspiracy to obtain the goods by false pretences, saying nothing as to the third count, is equivalent to a finding of not guilty as to that count.

8. SAME—*misdemeanor—measure of punishment allowable.* It is competent for the legislature to provide that a misdemeanor may be punished by confinement in the penitentiary.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was an indictment found at the March term, 1884, of the Criminal Court of Cook county, against Edward F. Thomas and William G. Murphy, the first count of which is as follows:

"The grand jurors chosen, selected and sworn in and for the county of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present, that Edward F. Thomas and William G. Murphy, late of the county of Cook, on the first day of December, in the year of our Lord one thousand eight hundred and eighty-three, in said county of Cook, in the State of Illinois aforesaid, feloniously, fraudulently and deceitfully did conspire and agree together, with the fraudulent and malicious intent then and there, feloniously, wrongfully and wickedly, to obtain one horse, of the value of $75, one wagon, of the value of $25, twenty-five dozen canned goods, of the value

of $50, one hundred boxes of soap, of the value of $25, one hundred pounds of soap, of the value of $25, one hundred bars of soap, of the value of $25, one hundred packages of bluing, of the value of $10, one hundred pounds of teas, of the value of $25, three hundred pounds of sugars, of the value of $30, and divers and sundry groceries, dry goods, notions and fixtures contained in her grocery store, situated on Clark street, in the city of Chicago, in said county and State, (a more particular description of which said groceries, dry goods, notions and fixtures is to said grand jurors unknown,) of the value of $580, the personal goods and property of one Kate Carberry, from the said Kate Carberry, by false pretences, and to cheat and defraud her, the said Kate Carberry, of the same, contrary to the statute, and against the peace and dignity of the same People of the State of Illinois."

Mr. C. F. REMICK, for the plaintiff in error:

The first count charges an unexecuted conspiracy to obtain goods by "false pretences." The pretences, the objective point of the conspiracy, the *gravamen*, are not stated, and hence no venue or *scienter* thereof is stated. Wharton on Crimes, secs. 2127, 2159.

The second count attempts to charge the same conspiracy. The third omits any charge of conspiracy.

The motion to quash should have been sustained, as also the motion in arrest of judgment. Representations, though false, are not within the statute unless calculated to deceive persons of ordinary prudence and discretion. 2 Wharton on Crim. Law, secs. 2129, 2131; *Commonwealth* v. *Haughey*, 3 Metc. 224.

In *Commonwealth* v. *Grady*, 13 Bush, 285, the court say: "By a visit to the clerk's office he could soon have ascertained whether appellee had the unincumbered title to the house and lot, as represented." *Hale* v. *DeHart*, 6 Bax. (Tenn.) 222; 19 Mo. 233; 50 Ind. 477; 76 N. C. 258.

One not examining records must suffer the consequences of his own negligence. *Babcock* v. *Lisk*, 57 Ill. 329; *Monts* v. *Hogle*, 37 id. 155; *People* v. *Jacobs*, 35 Mich. 36.

It is a well recognized doctrine that counts for misdemeanor and felony can not be joined in the same indictment. *Lyons* v. *People*, 68 Ill. 271.

The first and second counts are attempts under section 46 of the Criminal Code, while the third is under section 96. It is certain that the offence in the third count is simply a misdemeanor, and not a felony. Crim. Code, secs. 277, 278.

Mr. Julius S. Grinnell, State's Attorney, and Mr. John Gibbons, for the People:

As to the law bearing upon the evidence to show a conspiracy, see 3 Greenleaf on Evidence, sec. 93; Wharton on Crim. Law, sec. 1398; *Commonwealth* v. *McClean*, 2 Pars. 363; *State* v. *Stroting*, 34 Iowa, 443; *Cowen* v. *People*, 14 Ill. 348.

Courts will not sustain a motion to quash an indictment containing several counts, if either count is sufficient to sustain a conviction.

As to compelling an election as to which count the prosecutor will proceed under, see *Goodhue* v. *People*, 94 Ill. 51.

Counts for felony and misdemeanor may, under some circumstances, be properly joined. 1 Bishop on Crim. Proc. sec. 199.

When several counts are employed to meet the evidence as it may transpire on the trial, all the counts being for the same offence, it is always allowed. *Commonwealth* v. *McLaughlin*, 12 Cush. 612; *State* v. *Sutton*, 4 Gill, 494; *Burke* v. *State*, 2 Har. & J. 426; *State* v. *Posey*, 7 Rich. 484.

Conspiracy is a misdemeanor, even in those cases where its object is the commission of a felony. 2 Bishop on Crim. Law, 231.

The extent of the punishment for misdemeanor does not make it a felony, provided the imprisonment is for a stated

number of years, not for life. *State* v. *Danforth,* 3 Conn. 112; *State* v. *Murphy,* 6 Ala. 765; *State* v. *Noyes,* 25 Vt. 415; *Regina* v. *Button,* 11 Q. B. 929; *People* v. *Mather,* 4 Wend. 229; *Respublicæ* v. *Delongchamps,* 1 Dall. 111.

Mrs. Carberry was not bound to examine the record. The *gravamen* in this case is the unlawful combination. Parties have the right and are justified in relying upon statements made to them in the ordinary business transactions of life. They are not bound to assume that every man is a cheat, a swindler, a liar and a fraud.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Edward F. Thomas and William G. Murphy were convicted, in the Criminal Court of Cook county, of a conspiracy to obtain goods by false pretences from one Kate Carberry, by the verdict of a jury, and, thereby, punishment of the former was fixed at confinement in the penitentiary for the term of three years, and that of the latter at paying a fine of $300. The court overruled a motion for a new trial, and gave judgment upon this verdict. This writ of error is prosecuted by Thomas alone.

Several grounds are urged upon which we are asked to reverse this judgment, and such of them as we deem material shall be briefly considered.

*First*—It is contended the court erred in overruling the motion to quash the indictment. Since the motion was general to the entire indictment, it was properly overruled if either count was good; and since the verdict expressly finds the defendants guilty of a conspiracy to obtain goods by false pretences, saying nothing as to the third count, which is for obtaining goods by false pretences, simply, this is equivalent to a finding of not guilty under that count. (*Stoltz* v. *People,* 4 Scam. 169; *Chambers* v. *People,* id. 356.) And, therefore, if either of the counts for conspiracy be good, it will sustain

the verdict. (*Lyons* v. *People*, 68 Ill. 276, and cases cited.) The first count, under the ruling in this State, whatever may be decided elsewhere, is clearly good. To obtain goods by false pretences is, to every apprehension, an illegal act; and the rule here is, where the act to be accomplished by the conspiracy is illegal, it is unnecessary to specify the means by which it was intended to be accomplished. (*Johnson* v. *People*, 22 Ill. 314; *Smith* v. *People*, 25 id. 17; *Cowen* v. *People*, 14 id. 348.) The first count in the present indictment is, in substance, identical with the count in *Johnson* v. *People, supra*, and which is there held to be good. And in *Cole* v. *People*, 84 Ill. 216, (a case in the decision of which Mr. Justice DICKEY and the writer of this opinion did not then and do not now concur,) the court went still farther, and held, where the act to be accomplished was not in itself illegal, but the conspiracy was to accomplish it by illegal means, the illegal means need not be set out, but that the offence, only, need be set out in the terms and language of the Criminal Code, or so plainly that the nature of the offence may be easily understood.

*Second*—A motion in arrest of judgment was made, and overruled, and it is contended this was error, because, first, if the offence of which the defendants were convicted was felony, then the third count, which was only for a misdemeanor,—that of obtaining goods by false pretences,—was improperly joined; and second, if the offence of which they were convicted was not felony, then the punishment imposed was improper. Without at all conceding that a count for a misdemeanor can under no circumstances be joined with a count for felony, it is sufficient for the present to observe the offence of which the defendants were convicted was not felony at common law, (2 Bishop on Crim. Law, 4th ed. sec. 231,) and it is not made felony by our statute, and so is necessarily a misdemeanor. (*Lamkin et al.* v. *People*, 94 Ill. 501.) All the counts being for misdemeanors, (and that, too, manifestly,

for the same misdemeanor, stated in different ways,) there was, even on the theory of the counsel for plaintiff in error, no misjoinder. The offence being a misdemeanor only, why the punishment imposed was improper, we can not divine. It was certainly competent for the legislature to provide that a misdemeanor might be punished by confinement in the penitentiary. It was so provided in the statute, and this verdict is within the meaning and intent of that statute.

*Third*—We are unable to say that the evidence does not sustain the verdict. The prosecutrix, Mrs. Carberry, had a small stock of family groceries, which she advertised to sell or trade. The defendant Thomas responded. He was aided by the defendant Murphy, in obtaining her confidence, and in consummating the scheme by which possession was got of her goods. Thomas professed to own certain city lots, and these she agreed to take for her goods. He represented his title to be good, and the property to be clear of incumbrances. By these means he got possession of her goods. He neither owned the lots, nor was able to procure a deed conveying the legal title to them, to her,—and this want of title and inability the defendants knew when the pretended trade was made. The only question raised upon the facts, demanding attention, is, whether the negligence of the prosecutrix in not having the records examined in respect of the title, can be urged as a defence. We think it does not lie in the mouths of these defendants to say, that because, by their artifice, they inspired an unmerited confidence, they are guiltless. The offence is the combination to obtain property by false pretences; and the very object might be, and often is, to so influence the party as to prevent the accuracy of the pretences being tested. Whether one owns property, is a fact. The truth in regard to it might, undoubtedly, be disclosed by the record, but it might equally be disclosed by the declarations of the party; and the most dangerous artifice, and that against which it is most important the law should protect

simple-minded and credulous people, is that whereby they are induced to forego all investigation, and trust implicitly to the trickster. 2 Wharton on Crim. Law, (7th ed.) sec. 2128; *Cowen et al. v. People*, 14 Ill. 348; *State* v. *Munday*, 78 N. C. 460; *State* v. *Dow*, 33 Maine, 498.

The judgment is affirmed.

*Judgment affirmed.*