(No. 20245.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES ENSAW, Plaintiff in Error.

*Opinion filed October 25, 1930—Rehearing denied Dec. 10, 1930.*

A. Morris Williams, John Friedmeyer, and William B. Bruce, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, H. E. Fullenwider, State's Attorney, and Joel C. Fitch, (J. M. Weldon, and Alfred H. Greening, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error was convicted in the circuit court of Sangamon county of the crime of receiving stolen property. The indictment as filed contained two counts. On motion of the People the first count, which charged the larceny of two dresses of the value of $18 each, belonging to one Maurice Altman, was dismissed. The second count charged receiving those dresses knowing them to have been stolen.

Plaintiff in error assigns as error the denial of his motion for continuance, error in instructions, and in refusing a motion for a new trial, and contends that the verdict is not sustained by the evidence.

William Wormley, a negro of the age of sixty-eight years, had for seven years worked as janitor for the complaining witness, who was a dealer in ladies' ready-to-wear articles in the city of Springfield. Wormley's hours of employment were from six until nine o'clock in the mornings, during which time he did janitor work. He, also, was indicted on the charge of theft of these same dresses. He pleaded guilty and testified on behalf of the State that plaintiff in error had suggested to him that he get dresses from Altman's store and sell them to him, and that on January 8 or 9, 1930, he stole three dresses, two of which were the ones mentioned in the indictment, and took them to the house of plaintiff in error and sold them to him for $12; that these dresses, when sold to him, had Altman's tags on them, and he suggested that plaintiff in error burn the tags, which he did. He testified that these dresses were taken from Altman's store before anyone else arrived in the

morning; that he had stolen a number of articles from the store at different times and sold them to plaintiff in error; that at times plaintiff in error would come to the store and select what he wanted; that he did not know how much money he had received from plaintiff in error for goods taken from the Altman store but knew it was over $70; that on one occasion he sold him five dresses and three coats, for which he received $18 from plaintiff in error, and that he told plaintiff in error the articles were stolen from Altman's store. These dresses were identified by Maurice Altman, the prosecuting witness, as his property. He testified that he had missed numerous dresses during the year prior to the theft of those in evidence. Police officer Cole testified that he went to the home of plaintiff in error and found the dresses introduced in evidence in a grip. Plaintiff in error took the stand and denied having received these goods from Wormley but testified that he had purchased them from one Claude Williams. Three witnesses for plaintiff in error testified that plaintiff in error had purchased similar goods from said Williams, and one testified that Williams had received goods from Wormley.

On motion for a continuance on the ground of the absence of witnesses an affidavit was filed in which it was stated that three witnesses, Robert Webb, Claude Williams and James Gomes, could not be reached by subpœna. The affidavit set out what their evidence would be if they were present to testify. The State's attorney admitted that the witnesses, if present would so testify, and the motion for continuance was denied. On trial of the case certain portions of this affidavit were read, and they tended to corroborate the evidence offered by plaintiff in error.

The testimony of Emma Sinclair was to the effect that she was the housekeeper for plaintiff in error, and that on January 7, 1930, Wormley came to the side entrance of plaintiff in error's home and was followed by a man who she afterwards learned was named Claude Williams, who

came to the front door and asked to see plaintiff in error and requested that they talk over some business matters in private; that after talking with said Williams in another room plaintiff in error brought to the witness in the kitchen some dresses which he gave to her, together with a receipt for the purchase of them, and told her to take care of them; that Wormley was present at that time. Plaintiff in error also introduced the testimony of Leroy Morrell, who testified he was a friend of Wormley and plaintiff in error, and that while Wormley was in jail he visited him, taking him tobacco and other articles, and on one of these visits asked Wormley why he named plaintiff in error in connection with the theft of the dresses, and that Wormley replied he was excited; that when they arrested him he could not think of anything but of Ensaw, and that afterwards he kept it up.

These dresses were positively identified by Wormley and the prosecuting witness. They were found in the possession of plaintiff in error. Wormley, who was charged with the theft of them, pleaded guilty, and testified that he sold these dresses to plaintiff in error with knowledge on the part of the latter that they had been stolen. This court will not reverse a judgment of conviction on the ground that the evidence is insufficient unless the evidence is so unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People* v. *Rembowicz,* 335 Ill. 604; *People* v. *Holton,* 326 id. 481.) Plaintiff in error and some of his witnesses directly contradicted the testimony of those for the State. It remained for the jury to decide who were telling the truth, and we would not be justified in disturbing this verdict on the ground that it was not supported by the evidence.

Plaintiff in error argues that it was error to refuse his motion for a continuance. As stated, when the affidavit for a continuance was filed on the ground of the absence of three witnesses, the State admitted that the witnesses, if

present, would testify as alleged in the affidavit, and the motion for a continuance was overruled. This was in accordance with the Criminal Code, by which it is directed that the State's attorney shall not be required to admit the truth of the matter set up in the affidavit, but only that such absent witness, if present, would testify as alleged in the affidavit, and that when such admission is made the continuance will not be granted on the ground of the absence of the witness. (Cahill's Stat. 1929, chap. 38, par. 759.) It was not error to deny the motion for continuance.

It is argued that the admission of the State's attorney entered upon the motion for a continuance was an admission of the truth of the evidence which the affidavit showed would be produced by the absent witnesses. Under the statute just referred to, no such admission is made.

It is argued that as Wormley was an accomplice his testimony is unworthy of belief. The testimony of an accomplice is to be received with suspicion and acted upon with great caution. Such testimony is nevertheless competent evidence and may be sufficient to sustain a conviction, uncorroborated, if it is of a character which convinces the jury, beyond a reasonable doubt, of the guilt of the accused. (*People* v. *O'Hara*, 332 Ill. 436; *People* v. *Birger*, 329 id. 352.) The weight of his testimony was for the jury. The court gave proper instructions concerning such testimony.

Plaintiff in error also assigns as error the refusal to give the second, third, seventh and eleventh instructions offered on his behalf. The second instruction advised the jury with reference to the necessity for proof of knowledge on the part of plaintiff in error that the property was stolen. This instruction was covered by plaintiff in error's instruction No. 1, which gave the elements of the crime charged in the indictment. His instruction No. 3 told the jury that the indictment must embrace all the elements of the crime and that the jury cannot go outside of the indictment to consider the defendant's guilt or innocence. This

instruction was covered by other instructions given, both on behalf of the People and the defense. Instruction No. 7 told the jury that they were not to convict the defendant upon the doctrine of chances, and attempted to tell them when they would have a reasonable doubt under which defendant was to be found not guilty. The instruction was argumentative and served no useful purpose and it was not error to refuse to give it. Instruction No. 11 purported to instruct the jury on the law relating to accessory. No such charge was involved in this case, and it was not error to refuse to give the instruction. Considering the instructions as a series, we are of the opinion that the jury were fully and correctly instructed as to the law.

Counsel for plaintiff in error also argue that it was error to permit Wormley to testify to other thefts of goods from Altman's store, which goods were sold by him to plaintiff in error. This was not error. Such testimony was competent to prove guilty knowledge on the part of plaintiff in error. *People* v. *Gotler,* 311 Ill. 387.

It is also urged that the court erred in refusing plaintiff in error's motion for a new trial on the ground of newly discovered evidence. This motion was based on the statement that one Mary E. Reagan would testify that she kept a millinery store in connection with Altman's store and that she and her employees had keys which admitted them to the Altman store; that Altman had testified that Wormley was the only one beside himself who had keys to the store, but that his testimony would thus be impeached by the testimony of Mary E. Reagan and would show the opportunity of persons other than Wormley to steal from the Altman store. That evidence may be offered for the purpose of impeachment is not a justification for granting a new trial on the ground of newly discovered evidence. (*People* v. *Johnson,* 286 Ill. 108; *People* v. *Conners,* 246 id. 9; *Tobin* v. *People,* 101 id. 121.) Nor was plaintiff in error entitled to a new trial on the ground that this newly discovered evi-

dence would show that others than Wormley might have stolen goods from the Altman store. Wormley admitted that he stole the dresses and sold them to plaintiff in error. They were found in the possession of plaintiff in error and identified by Altman as his goods. The proof of possibility of others getting into the store would have been of no avail to plaintiff in error in this case. There is nothing in this affidavit concerning newly discovered evidence that would tend to indicate that a different verdict might be returned were such evidence put into the record, and the court did not err in refusing to grant plaintiff in error a new trial on this ground.

An examination of the record discloses no error justifying a reversal of this judgment, and the same is affirmed.

*Judgment affirmed.*