(No. 30874.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOWARD POTTS, Plaintiff in Error.

*Opinion filed May 19, 1949.*

MEYER & MEYER, (JAMES W. CAMPBELL, of counsel,) both of East St. Louis, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, (JOSEPH B. SCHLARMAN, State's Attorney, of Carlyle, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

An indictment returned in the circuit court of Clinton County charged Howard Potts, the plaintiff in error herein, by the first count, with the crime of assault with intent to commit forcible rape, and by a second count with the crime of assault with intent to commit rape on a female under the age of sixteen years. Following a plea of not guilty, he was found guilty, by a jury, of the offense charged in count two and sentenced by the court to the penitentiary for a minimum term of two years and a maximum term of five years. He prosecutes this writ of error.

Prior to his plea of not guilty, defendant filed a motion to quash the indictment, challenging its legal sufficiency in charging the alleged offenses, and attacking the legality of the grand jury which returned it. The trial court's action in overruling the motion is assigned as error here. It is contended that the indictment is vague, uncertain, and does not apprise the defendant of the exact crime with which he is charged. He does not, however, in his brief and argument, point out or demonstrate wherein such allegations are true. We have examined the indictment and find it couched in terms which met with the approval of this court in *People* v. *Dravilles,* 321 Ill. 390. The object of requiring an indictment to be clear and specific is so that the accused may prepare his defense and not be taken by surprise on the trial. (*People* v. *Jankowski,* 391 Ill. 298.) The language of the indictment here is clear and explicit and apprises defendant of the exact crime with which he was charged. We see no indication in the conduct of the defense that defendant was surprised or confused by it at the trial.

It is next urged that the grand jury which returned the indictment was illegally constituted because the venire issued by the clerk on May 12, 1947, was returnable May 19, 1947, contrary to the statutory requirement that the venire be issued to the circuit clerk and delivered to the sheriff at least ten days before the time of appearance of the grand jurors. (Ill. Rev. Stat. 1947, chap. 78, par. 9.) In addition, it is urged that the grand jury was illegal because the venire was not signed by the circuit clerk and was delivered to the sheriff for service in that condition. A statute specifying the time within which a public officer is to perform an official act regarding the rights and duties of others will be regarded as directory, merely, unless the nature of the act to be performed or the language used shows that the designation of the time was intended as a limitation on the power of the officer. (*People* v. *Donaldson*, 255 Ill. 19.) The same case is authority for the holding that the time provisions contained in the statute pertaining to selection of a grand jury are directory and are for the benefit of the sheriff and the grand jurors and not for the protection of the rights of persons accused of crime. To the same effect is *People* v. *Grigsby*, 357 Ill. 141. The failure to issue the venire ten days before the appearance of the jurors had no effect on the legality of the jury. As to the failure of the clerk to sign the venire, we have held that mere informalities in the matter of summoning grand jurors is not vital to the indictment unless substantial rights of the accused are prejudiced by the method pursued. (*People* v. *Birger*, 329 Ill. 352; *People* v. *Wallace*, 303 Ill. 504.) In *People* v. *Kramer*, 352 Ill. 304, it was held that although the venire was entirely void, nevertheless the grand jury appearing and being sworn in made that point immaterial. Here the grand jury appeared in court, was impaneled and sworn, which amounted to a ratification of the previous summoning and appearance. No showing was made that defendant was prejudiced by either of the minor irregu-

larities complained of and the trial court properly refused to quash the indictment on such grounds.

On a motion for a new trial, and again in this court, defendant alleged that he had been denied a fair and impartial trial because the jurors were allowed to separate and to converse with spectators at the trial, and in one instance with the sheriff of the county who appeared as a witness against the defendant. Affidavits and counter-affidavits were filed in regard to this ground. It would serve no useful purpose to detail their contents. Suffice it to say that defendant does not state wherein he was actually prejudiced by such conduct, but infers that prejudice could have, and might possibly have, occurred. The practice of allowing jurors to separate, while absolutely prohibited by the common law, has in recent years been left to the sound discretion of the court. In noncapital cases it has been held that it is not error unless prejudice can be shown. (*People* v. *Grizzel,* 382 Ill. 11; *People* v. *Fisher,* 340 Ill. 216.) Conversation of a juror with other persons does not constitute ground for a new trial unless it is shown to have prejudiced the rights of the defendant. (*People* v. *Phelps,* 388 Ill. 618; *People* v. *Coniglio,* 353 Ill. 643.) In the absence of any showing of prejudice to defendant or of an abuse of discretion by the court, we must hold that there is no merit to this contention.

As another basis of his motion for a new trial, defendant contended that one of the jurors had made misrepresentations when questioned about his qualifications as a juror. This allegation, too, was supported by an affidavit and rebutted by a counteraffidavit of the juror named. It charged that although the juror had stated that he did not know the mother of the prosecutrix, it was in fact true that he did know her, and had been employed at the same place of business with her. The juror again denied such facts in his affidavit. The determination of a motion of this character is committed, in the first instance, to the dis-

cretion of the trial court. The record contains no proof that the statements of the juror were false. The trial court considered the matter on the basis of the affidavits presented and found the charge to be without merit. In the absence of any showing of an abuse of discretion by the court, its action in denying the motion will not be disturbed. *People* v. *Phelps,* 388 Ill. 618.

Still a third basis of the motion for a new trial was an allegation of newly discovered evidence. This allegation was supported by the affidavit of one Leota Chitwood who stated that on May 3, 1947, approximately one week after defendant allegedly assaulted the prosecutrix, she met the latter in a tavern in Carlyle, Illinois; that the prosecutrix stated that she had got herself "into a lot of trouble" but that Howard Potts, the defendant, was not responsible for it, but that her mother thought he was as she had told her mother that Howard Potts assaulted her; and that she could not tell her mother differently now and would have to go through "with the story." To this affidavit the People filed a counteraffidavit of prosecutrix in which she stated that she did not make such a statement to Leota Chitwood, and that she had no conversation with the latter on that date or any date for a long period prior to the trial. The prosecutrix testified at the trial that defendant was the man who assaulted her; in this she was corroborated by other witnesses. At best, the alleged newly discovered evidence would be useful only as impeaching evidence; we have held that evidence of such character is not a sufficient basis for granting a new trial. (*People* v. *Ensaw,* 341 Ill. 455; *People* v. *Lacey,* 339 Ill. 480.) It was not error to deny the motion for new trial on this ground.

The next error assigned by defendant is that he was denied a fair trial because of inflammatory and prejudicial statements to the jury by the State's Attorney. It would serve no useful purpose to detail the remarks complained of. Some of them do not appear in the report of proceed-

ings but are contained in an affidavit executed by defendant's counsel in support of his motion for a new trial. In at least one instance it appears as if the affidavit distorts or misrepresents the actual remarks made by the State's Attorney. The latter, in his argument to the jury, is entitled to discuss the conduct of the accused and to draw legitimate inferences from the facts and circumstances proved. (*People* v. *Sturch*, 389 Ill. 82; *People* v. *Howe*, 375 Ill. 130.) He is also entitled to present conclusions which he claims should be drawn from the evidence. (*People* v. *Peyne*, 359 Ill. 246; *People* v. *Reed*, 333 Ill. 397.) Our examination of the remarks complained of indicates that they did not exceed those bounds, and we find no merit to this contention of defendant.

The next proposition advanced by the defendant is that the jury's failure to make a finding as to count one of the indictment amounts to a finding of not guilty on that count. Counsel for the People confess this to be true, and this court has so held in *Thomas* v. *People*, 113 Ill. 531. Our examination of the record shows the verdict returned is sufficiently clear and explicit to inform defendant that he was found guilty only on count two of the indictment. We can conceive of no prejudice to him which would arise from the jury's failure to expressly find him not guilty of count one. In this connection defendant further argues that since he was found not guilty of count one, which charged him with assault with intent to commit rape by force, it is inconsistent for the jury to find him guilty of the second count which charged him with assault with intent to rape a female under the age of sixteen years. His position is that if he is innocent or guilty of one offense, he is innocent or guilty of both. He assigns no particular reason, nor cites any authority to support such a contention, nor do we know of any. The contention is novel but ineffectual. We held in *People* v. *Rademacker*, 319 Ill. 137, that it is not material that the offense of assault with intent

to rape was forcible and against the will of a girl under statutory age. Thus defendant could well be innocent of the charge contained in count one but guilty of that in count two.

The last two of the numerous errors assigned go to the evidence introduced at the trial. It is contended that defendant was not proved guilty beyond a reasonable doubt. Eight witnesses testified for the prosecution, thirteen for the defense, and eight witnesses were called in rebuttal. To treat upon the individual testimony of each witness would serve only to unduly prolong this opinion. The evidence introduced by the prosecution established that an assault had been made on the prosecutrix in which her underclothing was torn from her, and in which she suffered contusions about her face and head. It is uncontroverted that she was fourteen years old at the time. She identified defendant as the man who assaulted her and he was further identified by two disinterested witnesses living near the scene of the attack. A third person, who drove by in an auto, failed to identify him. The story of the prosecutrix is corroborated in that her torn underclothing was found in the place where she testified the attack occurred, and by many other portions of the evidence. The evidence shows, too, that defendant was in the company of the prosecutrix on that day and had ample opportunity to commit the acts charged to him. The defendant denied the attack, and testified that he had given the prosecutrix a ride from her home to a road intersection outside Centralia, and that he had left the company of the prosecutrix long before the hour of 4 P.M. when the attack occurred. Several alibi witnesses testified to seeing him at that time and stated the prosecutrix was not with him. He testified that while riding with him the prosecutrix told him she was pregnant and asked for a loan of money so she could go to a doctor. He stated that he refused and announced his intention of telling prosecutrix's mother as soon as he saw her, to which

she is said to have answered: "If you do I will make it hot for you." In records of this nature, where the testimony of the accuser and of the accused and their supporting witnesses is utterly irreconcilable, the issue is largely a question of determining the credibility of the witnesses and the weight to be given their testimony. This determination is best made by the jurors who see and hear the witnesses, and in such function this court will not substitute its judgment for that of the jury. (*People* v. *Sheppard,* 402 Ill. 347; *People* v. *DeMarios,* 401 Ill. 146; *People* v. *Simmons,* 399 Ill. 572.) In criminal cases we will review the evidence and if there is not sufficient credible evidence, if it is improbable or unsatisfactory, or not sufficient to remove all reasonable doubt of defendant's guilt and create an abiding conviction that he is guilty, the conviction will be reversed. (*People* v. *Sheppard,* 402 Ill. 347; *People* v. *Willson,* 401 Ill. 68.) From our close scrutiny of this record we must conclude that the judgment cannot be reversed on the ground that it is contrary to the evidence or fails to establish defendant's guilt beyond a reasonable doubt.

Lastly, defendant complains that it was error for the trial court to prevent him from cross-examining the prosecutrix as to whether or not she was pregnant on the date of the alleged assault. Such evidence would have no bearing on the guilt or innocence of defendant, because he is charged with assault with intent to commit rape. Defendant contends that it should have been admitted to corroborate his testimony that prosecutrix had told him she was pregnant and asked him for money. Even if such evidence were improperly excluded, we fail to see where defendant was prejudiced thereby, or what its materiality would be in proving or disproving the assault which came later. The court properly excluded such testimony.

Finding no reversible error in the record, the judgment of the circuit court of Clinton County is affirmed.

*Judgment affirmed.*