The People of the State of Illinois, Plaintiff-Appellant, v. Roy Brown, Defendant-Appellee.

**Gen. No. 62–F–1.**

Fourth District.

May 15, 1962.

Joseph W. Hickman, State's Attorney, of Benton (Craig & Craig, of counsel, of Mt. Vernon), for appellant.

Hill & Hill, of Benton, for appellee.

CULBERTSON, J.

This cause is before us as the result of an action of Quo Warranto to test the right of defendant Roy Brown, to the office of Mayor in the City of West Frankfort. The Circuit Court of Franklin County found in favor of the defendant, and on appeal in this Court plaintiff contends that the City Council of West Frankfort had no power to appoint the defendant to the position of Mayor, basically because more than thirty days had elapsed between the occurrence

of the vacancy and the appointment of the defendant. The statute pursuant to which the appointment was made (Ill Rev Stats 1959, c 24, § 19—16), provides "if a vacancy occurs . . . the remaining members of the council, within thirty days thereafter, shall appoint a person to fill the vacancy during the period of the unexpired term. . . . If such vacancy is not filled within thirty days the council may call a special primary and special election to fill such vacancy. . . ." It is the position of plaintiff that such statute limits the power of the council to the precise thirty-day period from the occurrence of the vacancy and that the only method of filling the vacancy thereafter is by calling an election. Under the Commission Form of government it is provided that the remaining members of the council shall appoint a person to fill the vacancy, but the provision which follows is specifically couched in language providing that if the vacancy is not filled within the thirty days the council *may* call a special election for that purpose.

It is the contention of the defendant that the statute in prescribing the time within which the remaining members of the council should perform their official act does not deny them the right to exercise the power after such time, and that the phrase "within thirty days thereafter," not being accompanied by words of prohibition, is merely directory; particularly since in the same Act it is provided that the council *may* call a special election for that purpose.

In the case before us the remaining four commissioners were not able to agree on a person to be appointed within the thirty-day period, but thereafter they agreed on the appointment of the defendant, the then Acting Mayor, without the necessity of a special election; and the defendant thereupon assumed the office of Mayor for the unexpired term.

■    In numerous cases in which statutory provisions of similar nature have been considered, statutes specifying the time within which a public officer is to perform an official act regarding the rights and duties of others were regarded as directory, merely, unless the nature of the act to be performed or the language used shows that the designation of time was intended as a specific limitation on the part of the officer (The People v. Potts, 403 Ill 398, 86 NE2d 345; The People v. Gibbs, 413 Ill 154, 108 NE2d 446; Blattner v. Dietz, 311 Ill 445, 143 NE 92; The People v. Lieber, 357 Ill 423, 434, 192 NE 331).

■■    In many of the cases which have been considered the legislative intent, in cases of ambiguity, was in part determined by reference to the history of the legislation on the subject and the course that it has taken. In this connection there is logic and reason for the legislature to prescribe a different method of filling vacancies where a city is operating under the Commission Form of government from cases where the city is operated under a Managerial Form, as is done in this State. For example, there are specific provisions providing for the Commissioner of Accounts and Finances to be Vice-President of the council, and in case of a vacancy, to perform the duties of a Mayor. No such provisions are found in the Act relating to the Managerial Form of government. The Act relating to Commission Form of government therefore requires a distinctive interpretation consistent with the history and provisions of the Act, and the specific provisions thereof. As was pointed out earlier, the amendments to the Act which is now in force, as to the Commission Form of government, in the use of the word "may," indicated an obvious legislative intent that the words "may" and "shall" be used in their usual and accepted sense.

In light of the cases which have construed similar statutory provisions where a statute specifies the time

126

within which the public officer is to perform the official act it is construed as directory merely, unless the language used by the legislature shows that the designation of time was intended as a limitation on the power of the officer. In the statute before us there is no such limitation, and the use of the language which follows, which states that the council may call a special election, indicates clearly that there was no legislative intention that the appointment of the Mayor must be made specifically within the thirty-day period. As illustrative of the incongruous result which might be obtained, it is pointed out that if the council agreed upon the appointment of a Mayor within a thirty-day period, and if such appointee failed to qualify within such period, the council under the construction contended for by plaintiff, would be required to call a special election even though the council was in complete agreement as to another person to fill such vacancy. Similarly, if some members of the council were unable to attend within the limited period, the expiration of the short thirty-day period would, in effect, constitute a limitation upon the power of the council to act. If the council thereafter failed to act on the matter of calling a special election, there would be the absurd situation of the construction of a mandatory provision fixing a time limit and a discretionary provision as to a subsequent act of calling the election.

The Illinois cases have, however, uniformly followed the construction as outlined, which is consistent with the conclusion that the thirty-day period specified is merely directory, since no language used in the statute shows that the designation of time was intended as a limitation on the power of the council. While it was the duty of the council to appoint a successor within the thirty-day period, that duty still remained with the council after the thirty-day period had expired. Since the council was able to agree on

the appointment of a successor without incurring the expense of a special primary and a special election, it was not necessary that they call such an election. The appointment made by the council under such conditions was valid and in accordance with statutory authority.

We must, therefore, conclude that the judgment of the Circuit Court was proper and should be affirmed.

Affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.