STATE OF NORTH CAROLINA v. WILLIAM MILES HOUSTON

No. 6926SC172

(Filed 30 April 1969)

**1. Criminal Law § 13— jurisdiction to try federal prisoner**

Statement by the sheriff to the presiding judge that defendant was a federal prisoner and thus could not be tried in superior court is insufficient ground upon which to challenge jurisdiction of the court to try defendant.

**2. Criminal Law § 154— case on appeal — addition of items after agreed to by solicitor**

The addition of items to defendant's case on appeal by defense counsel after the case on appeal was agreed to by the solicitor is highly improper, and the improperly added items will not be considered by the Court of Appeals.

**3. Criminal Law § 104— motion to nonsuit — consideration of evidence**

On motion to nonsuit, the evidence must be considered in the light most favorable to the State, with contradictions and discrepancies, even in the State's evidence, being for the jury to resolve.

**4. False Pretense § 1— elements of the crime**

Elements of the offense of obtaining property by false pretense are that there must be a false representation by defendant, by conduct, word or writing, of a subsisting fact which is calculated and intended to deceive, which does in fact deceive, and by which defendant obtains something of value from another without compensation.

**5. False Pretense § 3— sufficiency of evidence**

In this prosecution for obtaining merchandise by false pretense, the evidence *is held* sufficient to be submitted to the jury where it tends to show that defendant charged certain items to his employer and signed the charge ticket, that defendant took the items with him without paying for them, that defendant's employer did not authorize him to procure the items and did not receive the items, and that defendant sold some of the items to a third party.

APPEAL by defendant from *Falls, J.,* 4 November 1968 Schedule A Session, MECKLENBURG Superior Court.

Defendant was tried upon three bills of indictment (Nos. 53-959, 53-960, and 53-961), each charging him with the felony of obtaining merchandise by false pretense from Dixie Gases, Inc. on the dates of 23 September 1968, 9 October 1968, and 10 October 1968.

The evidence for the State tended to show that defendant had been an employee of Smith Metal & Iron Company, and as such employee he had been sent by his employer on various occasions to

get merchandise from Dixie Gases, Inc. for use in employer's business. That on 23 September 1968, 9 October 1968, and 10 October 1968, defendant went to Dixie Gases, Inc. and ordered certain merchandise. That when the agent of Dixie Gases, Inc. asked defendant if the merchandise was for Smith Metal & Iron Company, defendant either did not answer, or said "That is right." That the agent for Dixie Gases, Inc. then, in the presence of defendant, charged the items to Smith Metal & Iron Company, that defendant signed the charge ticket, and took the items with him without paying for them or advising that they were not for Smith Metal & Iron Company. The State's evidence further tended to show that Smith Metal & Iron Company did not authorize defendant to get the items on 23 September 1968, 9 October 1968, or 10 October 1968; that Smith Metal & Iron Company never received the items ordered by defendant from Dixie Gases, Inc. on those dates; and that Smith Metal & Iron Company refused to pay the invoices because they were not authorized and the goods were not received. The evidence further tended to show that on 10 October 1968 defendant sold some of the items to a third party.

The defendant offered no evidence.

From verdicts of guilty as charged in each bill and the judgments entered thereon, defendant appealed, assigning error.

*Robert Morgan, Attorney General, by Dale Shepherd, Staff Attorney, for the State.*

*Lila Bellar for the defendant.*

BROCK, J.

Counsel for defendant forthrightly admits that assignments of error Nos. 2, 3 and 11 present no prejudicial error for review by this Court; we therefore deem them abandoned.

[1] Assignment of error No. 1 seeks to challenge the jurisdiction of the Superior Court over the person of the defendant for the purposes of trial upon the charges against him. This assignment of error is based upon a parenthetical statement contained in defendant's Case on Appeal as follows:

> "At this point during the trial Donald W. Stahl, Sheriff of Mecklenburg County entered the courtroom through a door adjacent to the Bench, spoke briefly with the deputy sheriff in attendance at the trial and with the deputy clerk and standing to the left-hand of the judge, just in front of the Bench (the jury

being seated to the extreme right-hand of the court) stated that the man on trial was a federal prisoner and that he could not be tried in the Superior Court for that reason."

This statement by the sheriff to the presiding judge (it is conceded that the jurors did not hear the statement) is hardly grounds upon which to challenge the jurisdiction of the court. Quite apparently the presiding judge was not greatly impressed with the sheriff's assertion, because the trial proceeded without delay.

[2]　In addition to the foregoing parenthetical statement which was agreed upon by the solicitor for the State, appellant has added to the Case on Appeal (after the solicitor's acceptance of service and agreement to the Case on Appeal) two items: (1) a purported warrant for the arrest of defendant as a probationer from the United States District Court, along with a purported service of the warrant, and (2) a purported certificate by the sheriff of Mecklenburg County to the effect that at the time of trial defendant was in the Mecklenburg County jail as a result of an arrest under a warrant of the United States District Court.

It is clear that these two items were added to defendant's Case on Appeal after the Case on Appeal was agreed to by the solicitor. Since these items were not a part of the record proper, counsel had no right to insert them without consent, or order of the court. Such conduct of counsel was highly improper and is condemned, and the improperly added items will not be considered by the Appellate Court. Assignment of error No. 1 is overruled.

[3-5]　Defendant assigns as error (No. 7) that the trial court erred in its refusal to grant defendant's motion for judgment of nonsuit. On a motion to nonsuit, the evidence must be considered in the light most favorable to the State; and contradictions and discrepancies, even in the State's evidence, are for the jury to resolve. 2 Strong, N.C. Index 2d, Criminal Law, § 104, p. 648. The elements of the offense of obtaining property by false pretense are that there must be (1) a false representation by the defendant, by conduct, word or writing, of a subsisting fact, (2) which is calculated to deceive and intended to deceive, (3) which does in fact deceive, and (4) by which defendant obtains something of value from another without compensation. *State v. Davenport*, 227 N.C. 475, 42 S.E. 2d 686. If there is substantial evidence of each of the elements of the offense, the court must submit the case to the jury. Defendant's primary argument is that upon cross-examination the State's witness stated that he knew defendant and assumed he was ordering the goods for his employer, and therefore there was no reliance upon

any representation made by defendant. This argument overlooks the conduct of defendant in signing for the goods after they were charged to his employer. We hold that upon the evidence in this case the motion for nonsuit was properly overruled, and this assignment of error is likewise overruled.

The next portion of defendant's brief is devoted to discussing, *en masse,* assignments of error Nos. 8, 9, 12, 13, 14, 15 and 16. These assignments of error cover questions propounded to witnesses by the court, the court's explanation to the jury of the charges against defendant, the court's summary of the State's evidence, the court's failure to state to the jury defendant's contentions argued upon motion to nonsuit, and the court's explanation to the jury of the elements of the offenses charged. Although the *en masse* argument is somewhat difficult to follow, we have considered all of it and conclude that no prejudicial error has been shown.

We have considered all of defendant's remaining assignments of error and find them to be without merit. The defendant has had a fair trial, which we find to be free from prejudicial error.

No error.

CAMPBELL and MORRIS, JJ., concur.