STATE OF NORTH CAROLINA v. MARION EDWARD TART

No. 20

(Filed 15 December 1971)

Criminal Law § 163— objections to the charge — review of the evidence — statement of the contentions

Objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise they are deemed to have been waived and will not be considered on appeal.

APPEAL by defendant from *Parker, J.,* August 1970 Session of SAMPSON Superior Court, transferred for initial appellate review by the Supreme Court under general order of July 31, 1970, entered pursuant to G.S. 7A-31(b) (4).

Defendant was indicted, in the form prescribed by G.S. 15-144, for the murder of Everette Devane on February 28, 1970, and tried thereon for murder in the second degree or manslaughter as the law and the evidence might justify.

Evidence was offered by the State and by defendant.

There was plenary evidence that defendant, age 29, shot Everette Devane, age 22, with a .22 pistol, and thereby inflicted a bullet wound which proximately caused Everette's death.

Uncontradicted evidence tends to show the following: The shooting occurred on February 28, 1970, at approximately 9:30 p.m. in the yard of Tart's Paradise, which was owned and operated by defendant. A pool room, a dance hall and a bar comprised the front portion of the building. Defendant lived in the

back portion. Prior to the shooting, Everette had been in the pool room portion of Tart's Paradise; his brother, Bobby Devane, age 20, had been in the dance hall portion. On two occasions, when Everette had become troublesome and unruly, Bobby went to the pool room and took Everette outside the building. After the second removal of Everette by Bobby, defendant stepped from the pool room door into the yard. As to what happened thereafter, the State's evidence and version and the evidence and version of defendant are in sharp conflict.

The State's version: Bobby and Everette were standing "twenty feet or more" from the door when six shots were fired by defendant, five of which struck Everette. Everette did not advance on defendant. Defendant was enraged because Everette had not completely left defendant's outside premises as defendant had demanded.

Defendant's version: He was standing about two feet from the door. Bobby and Everette were about ten to fifteen feet from him at the corner of the building. Everette pushed Bobby aside; and, with a knife in his hand, started toward defendant. Defendant first shot into the ground but Everette kept coming. As Everette approached, defendant fired successive shots. The first shots were directed toward lower portions of Everette's body. Everette was within three or four feet of defendant when the last and fatal shot was fired.

There was conflicting evidence as to whether Everette had a knife in his hand when the shooting occurred.

Defendant's evidence included testimony to the effect that inside the pool room Everette had a knife described only as having a "black rough handle"; also, testimony that a knife described only as a pocket knife was found in the yard after the shooting occurred.

A deputy sheriff testified that he saw several small splotches of blood twenty-two feet from the door and more blood thirty-two feet from the door. An employee of defendant testified that she saw spots of blood, "the closest one" being "about four feet from the cement walk as you come out of the door."

Review of other conflicts in the evidence is deemed unnecessary.

The jury returned a verdict of guilty of manslaughter. Thereupon, the court pronounced judgment that defendant be confined in the State's prison for a term of not less than seven nor more than ten years.

*Attorney General Morgan and Deputy Attorney General Moody for the State.*

*Joseph B. Chambliss for defendant appellant.*

PER CURIAM.

All of defendant's thirteen assignments of error are directed to portions of the court's charge.

Assignments Nos. 3 and 12 are not discussed in defendant's brief and therefore are deemed abandoned.

Assignments Nos. 1 and 2 relate to two brief excerpts from the court's review of the evidence offered by defendant. Assignments Nos. 4, 5, 6, 7 and 8 relate to excerpts from the court's review of the State's *contentions.* Assignments Nos. 9 and 10 relate to excerpts from the court's review of defendant's *contentions.* None of the statements challenged by these assignments was called to the attention of the trial judge. Seemingly, at trial, defendant's counsel did not consider defendant was prejudiced thereby.

"[I]t is the general rule that objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise they are deemed to have been waived and will not be considered on appeal." *State v. Virgil,* 276 N.C. 217, 230, 172 S.E. 2d 28, 36 (1970), and cases there cited. After careful consideration, we have concluded that the matters asserted in these assignments are of such nature as to call for application of the quoted salutary rule.

Assignment No. 11 is directed to an isolated instruction relating to defendant's right of self-defense. In our view, this instruction was not unfavorable to defendant and particular discussion thereof is unnecessary.

Assignment No. 13 is formal.

It was the province of the jury to resolve the conflicts in the evidence and find the facts. The jury did so and returned a verdict adverse to defendant. Finding no error of law, the verdict and judgment will not be disturbed.

No error.