STATE OF NORTH CAROLINA v. WILLIE WALLACE

No. 754SC4

(Filed 16 April 1975)

**1. Criminal Law § 127— motion in arrest of judgment**

A motion in arrest of judgment must be based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record and may be made for the first time on appeal.

**2. False Pretense § 2— sufficiency of indictment**

Indictment was sufficient to charge defendant with the crime of obtaining money by false pretense by representing that real property sold to prosecutrix was not subject to any encumbrances when defendant knew the property was subject to two deeds of trust.

**3. False Pretense § 1— elements of offense**

The elements of the crime of obtaining property by false pretense are (1) a false representation of a subsisting fact, whether in writing, by words, or by acts, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one obtains something of value from another without compensation.

**4. False Pretense § 3— representation land is free of encumbrances**

The false representation that land is free and clear of all encumbrances when knowingly made in order to effect a sale may be the subject matter of an offense of obtaining property by false pretense.

**5. False Pretense § 3— representation land is free from encumbrances — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for obtaining money by false pretense where it tended to show that

State v. Wallace

defendant, who was engaged in the construction and sale of houses, represented to prosecutrix and her husband, now deceased, that certain property was free and clear of encumbrances, that he gave them a warranty deed for the property so stating, that prosecutrix and her husband made a $1,000 cash down payment on the property and executed a purchase money deed of trust for $9,150, and that there were deeds of trust on the property securing an outstanding indebtedness of more than $9,000.

**6. False Pretense § 3.5— instructions**

In a prosecution for obtaining money by false pretense, the court's instruction that defendant would not be guilty if he made no false representation "or if he did but if it was not calculated to deceive and did not deceive the purchasers" did not require the jury to negate two elements of the crime in order to find defendant not guilty where the court correctly set forth each of the essential elements of the offense in the immediate prior portion of the charge.

**7. False Pretense § 3.5— application of law to evidence**

In a prosecution for obtaining money by false pretense, the court properly applied the evidence to the element of the offense requiring defendant to obtain something of value from another without compensation by referring to the evidence that plaintiff paid money to defendant in exchange for a deed to a lot which defendant falsely represented to be free and clear of encumbrances.

**8. Criminal Law § 118— charge on contentions — necessity for objection**

Objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction or they are deemed waived.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 6 August 1974 in Superior Court, SAMPSON County. Heard in the Court of Appeals 12 March 1975.

Criminal prosecution for obtaining money by false pretense, a violation of G.S. 14-100.

Defendant, Willie Wallace, entered a plea of not guilty to a bill of indictment wherein he was charged with obtaining $9,150.00 from Susan Gail Smith as a portion of the sale price of certain real property upon the representation that the property was not subject to any encumbrances when in fact the defendant knew the property was subject to two deeds of trust securing an outstanding indebtedness of more than $9,000.00.

The State offered the testimony of Mrs. Smith, which tended to show the following: In March of 1971 the defendant offered to sell to Mrs. Smith and her husband a house located on lot

46 in the Starmount Subdivision, Clinton, N. C. The defendant told Mrs. Smith that he owned the property "free and clear" of any outstanding mortgages or deeds of trust and that if she and her husband purchased the house he would convey it to them free of any encumbrances. Mr. and Mrs. Smith agreed to purchase the house and lot for $10,000.00. On 13 May 1971 the Smiths made a $1,000.00 cash down payment and executed a note and purchase money deed of trust in the amount of $9,150.00 to the defendant. They agreed to pay the balance due in monthly installments of $100.00. The sum of $150.00 was "figured in the total" purchase price for the purpose of obtaining a title search on the property. Defendant, in turn, executed a deed to Mr. and Mrs. Smith which included a warranty that the house and lot were free and clear of all encumbrances.

Mr. Smith died in an automobile accident on 29 May 1971 and Mrs. Smith moved into the house in June, 1971. Shortly thereafter, the defendant approached Mrs. Smith about paying off the outstanding indebtedness on the note and purchase money deed of trust which she and her husband had executed. The defendant told Mrs. Smith that the property was free of all liens and deeds of trust, that if she would pay off the balance due on the house it would be "hers," and that if she did so no one would be able to take the house from her. Following receipt of $14,000.00 from an insurance policy on her husband's life, Mrs. Smith, on 3 August 1971, paid $9,066.42 to the defendant, who cancelled the note and deed of trust for the balance due on the purchase of the house and lot. Mrs. Smith subsequently learned of three outstanding deeds of trust on the property in the amounts of $2,250.00, $5,000.00, and $8,489.40, which had been executed by the defendant prior to March, 1971. The defendant did not pay off these deeds of trust and in October 1972, Jesse Bethea foreclosed on the $2,250.00 deed of trust. The property was sold and Mrs. Smith was forced to leave the premises.

Mr. Billie Poole, an attorney, testified for the State that he was employed by the defendant to draft the warranty deed for the property in question and the note and deed of trust executed by Mr. and Mrs. Smith. Mr. Poole received $40.00 for his services and was told by the defendant not to conduct a title search of the property.

Jesse Bethea testified for the defendant that before Mr. and Mrs. Smith purchased the house he told them on at least two occasions that he had two deeds of trust on the property.

The defendant was found guilty and from a judgment imposing a prison sentence of not less than six (6) nor more than eight (8) years, he appealed.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Charles M. Hensey for the State.*

*Howard P. Satisky for defendant appellant.*

HEDRICK, Judge.

[1, 2] Defendant contends that the judgment should be arrested because the bill of indictment upon which he was tried and convicted was fatally defective. A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record. *State v. McCollum,* 216 N.C. 737, 6 S.E. 2d 503 (1940). A motion in arrest of judgment based upon such a defect may be made for the first time on appeal, and in the absence of a motion, the appellate court *ex mero motu* will review the record proper for such defect. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970). Accordingly, we have examined the face of the record, and in particular the bill of indictment, and find that it is free from any fatal defects. See *State v. Munday,* 78 N.C. 460 (1878).

By assignments of error 4, 11, 12, 16, and 19, defendant contends the trial court erred to his prejudice with respect to certain evidentiary rulings during the course of the trial. We have reviewed each of the exceptions upon which these assignments of error are based and find no error prejudicial to the defendant. We, nevertheless, discuss two of the assignments of error individually.

By assignment of error 11, defendant argues that the court erred in sustaining an objection by the prosecutor to a question propounded to Mrs. Smith on cross-examination about what had happened to certain money allegedly borrowed by her and her husband from Jesse Bethea. As Mrs. Smith had emphatically denied knowing anything about the alleged transaction, we can discern no error in the court not allowing defendant's counsel to pursue the matter on cross-examination.

By assignment of error 19, defendant argues that it was prejudicial error for the trial court to sustain objections by the

State to two questions in which the defendant attempted to elicit from Jesse Bethea testimony to the effect that Mrs. Smith was aware that he had a deed of trust on the property. Obviously, this ruling was not error since Mr. Bethea had already testified that he told both Mr. and Mrs. Smith prior to their purchase of the house that he had two deeds of trust on the property.

Next, defendant contends that the trial court erred in overruling his motion for judgment as of nonsuit at the close of the State's evidence and in submitting the case to the jury at the close of all the evidence. Defendant did not renew his motion for judgment as of nonsuit at the conclusion of the evidence. However, pursuant to G.S. 15-173.1 we review the sufficiency of the evidence to sustain the verdict.

[3, 4] It is well settled that the elements of the crime of obtaining property by false pretense are (1) a false representation of a subsisting fact, whether in writing, by words, or by acts, (2) which is calculated to deceive and intended to deceive, (3) which does in fact deceive, and (4) by which one obtains something of value from another without compensation. *State v. Banks*, 24 N.C. App. 604, 211 S.E. 2d 860 (1975); *State v. Houston*, 4 N.C. App. 484, 166 S.E. 2d 881 (1969). It has also been held that the false representation that land is free and clear of all encumbrances when knowingly made in order to effect a sale may be the subject matter of this offense. *State v. Munday, supra; State v. Banks, supra*.

[5] In the present case, defendant contends that there was not sufficient evidence to submit the case to the jury primarily because (1) the evidence does not disclose whether the defendant made a false representation to Mr. Smith with respect to the existence of deeds of trust on the property and (2) the evidence does not show that Mr. and Mrs. Smith purchased the property in reliance upon any false representation by him. We do not agree. Although Mr. Smith died prior to defendant's trial, uncontradicted evidence was introduced showing that the defendant, who was engaged in the trade of the construction and sale of houses, represented to both Mr. and Mrs. Smith that the property in question was free and clear from any and all encumbrances. The warranty in the deed so stated. The conclusion that this representation was false, in light of the existence of the deeds of trust on the property at the time of the purchase, also is clearly justified. Furthermore, without stating all the evidence showing that Mr. and Mrs. Smith relied upon

State v. Wallace

the representation of the defendant in purchasing the property, we note that Mr. and Mrs. Smith made a $1,000.00 cash down payment and executed a purchase money deed of trust for $9,150.00 in return for a warranty deed on the house and lot. When all the evidence introduced at the trial is viewed in the light most favorable to the State, resolving any uncertainties and discrepancies in its favor and giving the State the benefit of all legitimate inferences which might be drawn from the evidence, we are of the opinion that there was sufficient evidence introduced as to each of the elements of the crime to require submission of the case to the jury and to support the verdict. See *State v. Banks, supra.*

Defendant's remaining assignments of error all relate to the trial court's charge to the jury.

**[6]**   By assignment of error 30, defendant contends the trial judge erred when he stated:

> "On the other hand, if he made no false representation to them, of course, he would not be guilty, or if he did but if it was not calculated to deceive *and* did not deceive the purchasers, then, of course, he could not be guilty." [Emphasis ours.]

However, upon a reading of the entire charge, it is perfectly obvious that the trial judge was not requiring the jury to negate two elements of the crime of false pretense before it could find the defendant not guilty. The trial judge correctly set forth each of the essential elements of the crime immediately prior to the portion of the charge objected to and thereafter clearly instructed the jury as follows:

> "If he did make a false statement and it was not for the purpose of deceiving them, he would not be guilty. *Or* if he made a false representation to them for the purpose of deceiving them but, if in fact, it did not deceive them, he would not be guilty." [Emphasis ours.]

This assignment of error is overruled.

**[7]**   By assignments of error 28, 29, 31 and 34, defendant contends that the court failed to properly apply the evidence to the fourth essential element of the crime of false pretense, which requires that the defendant obtain something of value from another without compensation. We do not agree. The court on several occasions in its instructions to the jury enumerated the

four essential elements of the crime charged. On each occasion the trial judge correctly stated that one of the essential elements was that the defendant receive something of value without compensation. Furthermore, the court applied the evidence of the case to this element of the offense on each occasion by referring to the evidence that Mr. and Mrs. Smith paid money to the defendant in exchange for the deed to the lot which the defendant represented to be free and clear of any encumbrances.

[8]   Based on six exceptions noted in the record, defendant next contends the trial court erred to his prejudice in the portion of the charge in which it allegedly stated the contentions of the parties in that the "contentions" were not supported by the evidence. The general rule is that objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise, they are deemed to have been waived and will not be considered on appeal. *State v. Tart*, 280 N.C. 172, 184 S.E. 2d 842 (1971); *State v. Virgil*, 276 N.C. 217, 172 S.E. 2d 28 (1970). Defendant in the instant case admits that he did not object to the remarks of the trial judge, and we are of the opinion that the statements objected to are of such a nature as to call for application of the general rule stated above. These assignments of error are overruled.

Defendant has other assignments of error which we have carefully examined and find to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and CLARK concur.