STATE v. STEPHEN WILEY and J. T. WHALEY.

(Filed 13 April, 1955.)

**1. Criminal Law § 52b—**

A motion for a directed verdict of not guilty challenges the sufficiency of the evidence to go to the jury.

**2. Criminal Law § 78h—**

Assignments of error which are not based on exceptions duly taken will not be considered.

**3. Intoxicating Liquor § 5b—**

In a prosecution for possession of materials and equipment for the purpose of manufacturing nontaxpaid whiskey, the State must prove possession of such materials and equipment, either actual or constructive, and the mere fact that defendants were apprehended near the equipment raises no presumption that they were the owners or in possession.

**4. Same—Evidence held insufficient to sustain conviction of possession of equipment for manufacture of whiskey.**

In this prosecution of defendants for the possession of materials and equipment for the purpose of manufacturing nontaxpaid whiskey, the State's evidence tended to show that a still was found in the woods some two and one-half miles from defendants' residence, that defendants approached the place early in the morning, one of them carrying a five-gallon jug in a burlap bag, and that one of the defendants said to the other, "They are in here." The evidence further disclosed the absence of cap, connecting pipe, and worm for the still, necessary for its operation, and there was no evidence as to the ownership of the land where the material was found or that defendants exercised any control or dominion over, or possession of, the material. *Held:* The evidence raises no more than a suspicion of defendants' guilt and their motions for a directed verdict of not guilty should have been allowed.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Williams, J.,* August-September 1954 Term, DUPLIN.

Criminal prosecution tried before the General County Court for the County of Duplin upon separate warrants charging each of the defendants with "possession materials & equipment for purpose of mfg. nontaxpaid whisky & aiding and abetting in the same." The cases were consolidated and tried before a jury, resulting in a verdict of guilty and a jail sentence of 24 months as to each defendant, from which they appealed to the Superior Court. A jury trial in the Superior Court upon the warrants, which were amended before judgment, resulted in a verdict of guilty and a jail sentence of 24 months, from which the defendants appealed. The evidence is summarized in the opinion.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Carl V. Venters for defendants, appellants.*

HIGGINS, J.  At the close of the State's evidence the record discloses, "The defendants each moved to dismiss.  Motion denied.  The defendants each offer no evidence and renew their motion.  Motion denied." The agreed statement of the case on appeal signed by the solicitor and by counsel for the defendants recites: "At the conclusion of the State's evidence, motion was made in behalf of each defendant for a directed verdict of not guilty, which motion was denied and exception thereto allowed."

The motion for a directed verdict of not guilty challenges the sufficiency of the evidence to go to the jury, *S. v. Brackville*, 106 N.C. 701, 11 S.E. 284.  A number of other assignments of error appear in the record.  However, they are not based on exceptions, therefore, cannot be allowed.  *S. v. Biggerstaff*, 226 N.C. 603, 39 S.E. 2d 619.

The State offered two witnesses.  Thomas J. Marshall, Sheriff of Onslow County, testified that in response to information he called Sheriff Miller of Duplin County and they, with their deputies, met about 3:00 on Sunday morning near the Onslow-Duplin County line. They found in the woods three barrels of mash, a steel drum lying on its side with a hole cut in it suitable for fitting a cap; these materials are "used to make whisky out of."  They also found a doubling keg or cooling barrel.  "The equipment found was about two and one-half miles back in the woods and was not near any home or residence."  The sheriffs, with their deputies, concealed themselves and waited.

Soon after daylight the defendants approached the site of the equipment.  The defendant Wiley was carrying on his shoulder a five-gallon jug in a burlap bag.  Sheriff Miller told the defendants to stay where they were.  They complied with the sheriff's order.  The mash had the odor of alcohol and in the opinion of the witness could be made into liquor.  The defendants lived about two and one-half miles away. There was no cap for the still.  There were no connecting pipes or worm.  These are indispensable parts of the equipment if whisky is to be made.  No cap was found.

Ralph Miller, Sheriff of Duplin County, testified substantially as did Sheriff Marshall.  In addition, he testified the defendants came together and that Wiley said to Whaley, "They are in here."  That when Whaley saw the witness, the witness said, "Hold it right where you are at . . . we know who you are."  The defendants made no effort to get away. They had just looked in the barrels.  Wiley set the jug down near the drum.  The materials found were not sufficient to make liquor without

a cap and worm. Wiley, on request, was permitted to drink some of the beer.

There is no evidence in the record as to the ownership of the land where the material was found. The defendants were not shown to have exercised any control or dominion over, or possession of the material. The material at the site was incomplete. Liquor could not be made with the material at hand. The defendants were not taking into the site anything that would do for a cap or for a worm—indispensable parts of the equipment in the making of liquor. If the men went to the site to make liquor, their equipment would not enable them to do so. If they went to get beer, which was there, they were fully equipped to carry it away. Wiley, the man who carried the jug, drank some of the beer. If the men, with or without permission of the owner, went after beer to drink and not to make into whisky, they would not be guilty of possessing materials intended for use in the manufacture of liquor. From the mere presence of the defendants near the equipment, the law raises no presumption they are the owners or in possession. Possession, actual or constructive, must be proved as a fact or the prosecution fails. *S. v. McLamb*, 235 N.C. 251, 69 S.E. 2d 537.

Of course, to those who are looking for guilt, Wiley's statement, "They are in here," meant the officers are in here and we are caught. To those who are looking for innocence, the statement meant, the owners are in here and we can get a jug of beer. Those who are not looking for either guilt or innocence are left in doubt. The evidence is too uncertain to do more than raise a strong suspicion of guilt. The trial judge should have entered judgment as of nonsuit, or directed the jury to acquit. *S. v. Brackville, supra.* If the officers had been a little more patient, the purpose of the defendants would have been disclosed. The covey flushed while the birds were just a little out of range.

The judgment of the Superior Court of Duplin County is reversed. The defendants will be released and their bonds discharged.

Reversed.

BARNHILL, C. J., took no part in the consideration or decision of this case.