Tucker v. Blackburn

LOUISE B. TUCKER v. WILLIAM G. BLACKBURN

No. 7523SC771

(Filed 4 February 1976)

**Evidence § 39— medical history — doctor's testimony as hearsay**
    In an action to recover medical expenses for injuries sustained in an automobile accident plaintiff was not prejudiced where a doctor who first examined plaintiff almost 14 months after the collision testified that plaintiff told him about the collision and her injuries, and the court instructed the jury to consider this medical history for corroborative purposes only, since the declarations concerning plaintiff's past condition were hearsay and inadmissible.

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 8 May 1975, Superior Court, WILKES County. Heard in the Court of Appeals 21 January 1976.

Plaintiff alleged, and offered evidence tending to show, that on 24 January 1973, in a collision between defendant's vehicle and a vehicle in which she was a guest passenger, she sustained a broken right hand, contusion of the left knee, and injury to her cervical spine which aggravated a pre-existing arthritic condition. She was confined to the hospital for three days and thereafter treated by an orthopedist. Medical expenses incurred for care and treatment of these injuries amounted to about $353.55.

Plaintiff returned to work on 9 April 1973; she had a heart attack on 17 August 1973, and thereafter suffered chest pains and shortness of breath; she returned to work in December 1973; she had another heart attack on 7 February 1974 and was in the hospital for five days. She first saw Dr. Earl Watts, a cardiologist at Baptist Memorial Hospital, on 7 March 1974; he committed her to the hospital the following day for a week. It was his diagnosis that she had angina pectoris, secondary to arteriosclerotic heart disease, and hypertension. He continued to treat her, and in late October 1974, confined her to the hospital for five days, and tests revealed she had a myocardial infarction, an area of tissue damage from lack of blood supply. To "rent out a left ventricular aneurysm" Dr. Watts performed open heart surgery on 9 December 1974, and she was in the hospital for eleven days thereafter. Medical expenses incurred in the treatment of plaintiff's heart condition amounted to about $8,500.00.

The jury found actionable negligence by defendant and awarded damages to plaintiff in the sum of $3,000.00. From judgment entered thereon, plaintiff appeals.

*Finger and Park by Daniel J. Park and Raymond A. Parker II, for plaintiff appellant.*

*Moore and Willardson by Larry S. Moore and John S. Willardson for defendant appellee.*

CLARK, Judge.

Plaintiff contended and sought to establish the causal connection between the injuries sustained in the collision of 24 January 1973 and her heart condition by the testimony of Dr. Earl Watts, who first saw and examined her on 7 March 1974, almost fourteen months after the collision. He testified that during her first visit to him, he asked her for her medical his-

tory, and she told him about the collision and her injuries. The trial court then instructed the jury to consider this medical history for corroborative purposes only, and plaintiff assigns as error this instruction.

Declarations concerning a past condition are no more trustworthy than any other hearsay statements, and hence are not admissible. 1 Stansbury, N. C. Evidence 2d, (Brandis rev. 1973), § 161. In *Moore v. Drug Co.*, 206 N.C. 711, 175 S.E. 96 (1934), the court approved, as an exception to the hearsay rule, the physician's testimony as to what the patient told him about present pain and *when the pain began.* But *Moore* is not authority for the admission of a patient's statement to the physician witness of his medical history in general. A person's statement of present pain and suffering, due to a high degree of trustworthiness, to either the physician or lay witness is admissible as substantive evidence. See, 13 N. C. L. Rev. 228 (1935). In our opinion, *Moore* extended this rule only to include a statement to the treating physician as to the time when symptoms now present (bodily feeling) began.

Neither could the hearsay statement of the plaintiff to the physician witness be admitted as substantive evidence as a basis for his expert opinion. *Todd v. Watts*, 269 N.C. 417, 152 S.E. 2d 448 (1967). When the facts are not within the knowledge of the witness himself, the opinion of the expert must be upon facts supported by the evidence, stated in a proper hypothetical question. If the expert witness has personal knowledge of some of the facts, but not all, a combination of these two methods may be employed. *Cogdill v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373 (1971). But see 46 N. C. L. Rev. 960 (1968), in which it is stated that other courts are beginning to adopt the view that a patient's statements to his treating physician of past symptoms is admissible as substantive evidence.

In this case, though the trial court instructed the jury to consider the evidence of plaintiff's statement of medical history to her physician for corroborative purposes only, Dr. Watts was permitted to testify that, based on plaintiff's statement of medical history and his examination, "In my opinion the myocardial infarction . . . could well have been precipitated as a result of the injuries sustained in the automobile accident . . . . " The admission of this evidence, not in response to a hypothetical question and objected to by defendant, was error, violating the rules stated in *Todd* and *Cogdill, supra.* This error,

beneficial to plaintiff, was negated by the jury. And if the hearsay statement of the patient to his physician had been admissible, it would have been admissible for the purpose of explaining the physician's opinion.

The plaintiff has no cause to complain. The hearsay statement of the plaintiff to her physician as to past symptoms was erroneously admitted in evidence as a basis for the physician's opinion that there was a causal connection between her heart condition and the collision. But the jury was not compelled to find, and apparently did not find, from this evidence and by its greater weight that plaintiff's heart condition, with the medical expenses incurred in the treatment thereof, was proximately caused by the collision.

We have carefully examined plaintiff's other assignments of error and find them to be without merit. The judgment is

Affirmed.

Judges VAUGHN and MARTIN concur.