STATE OF NORTH CAROLINA v. DONALD LAUGHINGHOUSE

No. 783SC915

(Filed 6 February 1979)

1. **Receiving Stolen Goods § 5.1— sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution for feloniously receiving a stolen CB radio and   microwave oven.

2. **Criminal Law § 111.1— reading indictment during jury charge—no violation of statute**

    The trial judge did not violate G.S. 15A-1213 by reading a portion of the indictment to the jury as a part of his charge after the close of the evidence, although the statute provides that "the judge may not read the pleadings to the jury," since the purpose of the statute, when read as a whole and considered with the Official Commentary, is to avoid giving jurors "a distorted view of the case" through the "stilted language of indictments," and jurors

would not be given a distorted view of the case by a mere reiteration of the charge couched in the words of the indictment after they had heard all the evidence.

### 3. Receiving Stolen Goods § 6— instructions on intent

The trial judge sufficiently instructed the jury on the intent necessary to support a conviction of feloniously receiving stolen goods, although he failed to use the words "felonious intent," where he defined such intent as "the intent to convert property to [defendant's] own use or deprive the owner of its use permanently" and as a "dishonest purpose."

### 4. Criminal Law § 86.7— prior misconduct—adequacy of limiting instruction—failure to object to evidence

Defendant cannot now complain of the adequacy of a limiting instruction given with regard to a prior act of misconduct by defendant where he failed to object to the admission of the evidence or to request a limiting instruction.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 24 May 1978 in Superior Court, CRAVEN County. Heard in the Court of Appeals 19 January 1979.

Defendant was indicted for feloniously receiving stolen property, a CB radio and a microwave oven, under G.S. 14-71.

The State presented evidence that on 12 December 1977 James Nipper and Charlie Wiggins stole the property from a residence and stored it in a barn. Then they went into town to a poolroom where Nipper saw defendant and asked him if he wanted to buy some goods that they had gotten from "far off." The next day defendant bought the radio from them for $10 and ten hits of speed at a meeting arranged for after dark on a deserted road. Nipper testified "I told [defendant] that I didn't want to be flashing no hot stuff around in [town]." Defendant asked them to bring the oven to his trailer, where his wife paid them $40 for it. Defendant told them that if the law apprehended them, to say they sold the stuff to someone on the street in town, passing through. Nipper and Wiggins later confessed to taking the oven and radio and selling them to defendant, and Nipper stated that in his opinion defendant knew the goods were stolen. Nipper also testified that he earlier had sold defendant a stolen adding machine. When the Sheriff found the property in defendant's trailer, defendant told him that Nipper and Wiggins had pawned the stuff to him.

The defendant presented no evidence. He was found guilty, sentenced to 10 years and ordered to pay $2,000 and costs. He appeals.

*Attorney General Edmisten, by Associate Attorney Benjamin G. Alford, for the State.*

*Beaman, Kellum, Mills and Kafer, by David P. Voerman, for defendant appellant.*

ARNOLD, Judge.

[1]  There is no merit in defendant's contention that he was entitled to a judgment as of nonsuit. The evidence, considered as it must be in the light most favorable to the State, see generally 4 Strong's N.C. Index 3d, Criminal Law § 104, is clearly sufficient to establish each essential element of the offense and to support a conviction. Nonsuit was properly denied. *Id.* § 106.

[2]  Defendant next contends that he was prejudiced by a violation of G.S. 15A-1213. That statute, entitled "Informing prospective jurors of case," instructs the judge to briefly inform prospective jurors about the case, and concludes: "The judge may not read the pleadings to the jury." In the case *sub judice* the trial court read a portion of the indictment to the jury as part of his charge to them after the close of the evidence.

> Now this is the case of the *State of North Carolina v. Donald Laughinghouse,* a criminal proceeding wherein the [defendant stands charged in the bill of indictment that "on or about the 12th day of December, 1977, in Craven County, that he, Donald Laughinghouse unlawfully and wilfully did feloniously receive one 23 Channel radio and one microwave oven, the personal property of Joyce French Howell, having a value of Six Hundred ($600.00) dollars, knowing that the property to have been feloniously taken, stolen or carried away."]

Why the legislature would specify that "the judge may not read the pleadings to the jury" is not clear. The purpose of the statute, when read as a whole and considered together with the Official Commentary, apparently is to avoid giving jurors "a distorted view of the case" through the "stilted language of indictments." Official Commentary to G.S. 15A-1221, referring also to G.S. 15A-1213. Since finding a violation of the statute here

would in no way serve that purpose we find no such violation. The jurors had heard all of the evidence, and to infer that they would be given a distorted view of the case by a mere reiteration of the charge couched in the words of the indictment would be illogical.

[3]   Defendant next argues that the charge to the jury was improper because the judge failed to instruct the jury that the receiving of stolen property must be with "felonious intent." This Court has already recognized that there are other words which describe the requisite intent as adequately as the word "felonious" does. *State v. Ingram*, 10 N.C. App. 709, 179 S.E. 2d 814 (1971). The judge here defined the necessary intent as "[t]he intent to convert property to [defendant's] own use or deprive the owner of its use permanently." This definition is correct and we find it sufficient. We note, in addition, that the phrase used by the judge to denote the necessary intent was "dishonest purpose," a phrase much like "dishonest motive," which has been used by our Supreme Court in stating the required intent. *See State v. Tilley*, 272 N.C. 408, 158 S.E. 2d 573 (1968).

[4]   Error is also assigned to the alleged inadequacy of the limiting instruction given with regard to evidence of a prior act of misconduct on the part of defendant. However, defendant failed to object to the admission of the evidence, or to request a limiting instruction, so he was not entitled to such an instruction, 4 Strong's N.C. Index 3d, Criminal Law § 95.1, and he cannot now complain of the adequacy of the instruction given.

We find that defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and WEBB concur.