STATE OF NORTH CAROLINA v. WILTON EARL ALLEN

No. 8011SC618

(Filed 16 December 1980)

**1. Rape § 4.1— evidence of prior sexual advances by defendant —admissibility**

In a prosecution of defendant for rape of his fifteen year old daughter and for incest, the trial court did not err in permitting the prosecuting witness to testify regarding prior sexual advances and physical abuses by defendant, since such evidence was admissible to show the intent and design of defendant to commit the offenses with which he was charged.

**2. Rape § 4— expert medical witness — opinion evidence admissible**

The trial court in a rape prosecution did not err in permitting an expert witness to express an opinion that a woman could be raped without there being evidence of trauma about the vulva or vaginal areas, since defendant had stipulated that the witness was an expert in the field of obstetrics and gynecology, and the witness testified extensively as to his examination of the prosecuting witness, from which it was clear that he had more than adequate understanding of the medical results of incidents such as rape.

**3. Criminal Law § 98.1— outburst by prosecuting witness — motion for mistrial properly denied**

In a prosecution for rape and incest, the trial judge did not abuse his discretion in denying defendant's motion for a mistrial because the prosecuting witness shouted out on two occasions that defendant's mother, who testified in his behalf, was lying.

**4. Criminal Law § 111.1— reading indictment to jury — no error**

Reading a portion of the bill of indictment solely as part of the jury charge is not a violation of G.S. 15A-1213.

**5. Incest § 1; Rape § 1— incest with and rape of daughter — one transaction —two separate crimes**

Defendant could properly be charged with incest and second degree rape, though the two offenses arose out of the same transaction and were based on the same facts, since the two offenses were separate and distinct and involved different elements.

APPEAL by defendant from *Lee, Judge.* Judgment entered 21 November 1979 in Superior Court, JOHNSTON County. Heard in the Court of Appeals on 6 November 1980.

Defendant was charged in proper indictments with second degree rape of his fifteen year old daughter and with incest. Defendant pleaded not guilty to both offenses. The assignments of error brought forward and argued in defendant's brief make it unnecessary for us to recite the evidence in more detail than is done in the opinion following.

The jury found defendant guilty as charged and from a judgment sentencing defendant to imprisonment for "the term of twenty-five (25) years maximum" on the charge of second degree rape and for "the term of ten (10) years minimum, ten (10) years maximum" on the charge of incest, the sentences to run concurrently, defendant appealed.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin, and Associate Attorney Jane P. Gray, for the State.*

*Narron and O'Hale, by John P. O'Hale, for the defendant appellant.*

HEDRICK, Judge.

**[1]** Based upon his second assignment of error, defendant contends that the court erred in permitting the prosecuting witness to testify regarding prior sexual advances and physical abuses by defendant. Defendant argues that this evidence was "inadmissible under the recognized rules of evidence" and "highly prejudicial to the defendant." We disagree. It is well-established in this State that when the

defendant in a criminal trial does not testify, evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged. 1 Stansbury, N.C. Evidence, § 91 (Brandis rev. 1973); *State v. Jones,* 299 N.C. 298, 261 S.E.2d 860 (1980); *State v. McClain,* 240 N.C. 171, 81 S.E.2d 364 (1954). Such evidence will be admissible, however, if that evidence is used to show intent, design, guilty knowledge, or scienter or to make out the res gestae or to exhibit a chain of circumstances in respect of the matter on trial, when the other offenses are so connected with the offense charged to throw light on one or more of these questions. *State v. Lowery,* 286 N.C. 698, 213 S.E.2d 255 (1975); *State v. Arnold,* 284 N.C. 41, 199 S.E.2d 423 (1973). In sexual offense cases, moreover, the North Carolina courts have been very liberal in admitting evidence of similar sexual offenses. *State v. Greene,* 294 N.C. 418, 241 S.E.2d 662 (1978); *State v. Gainey,* 32 N.C. App. 682, 233 S.E.2d 671 (1977). In the present case, the prosecuting witness testified that on several occasions prior to the incident in question, defendant "would turn around and try to kiss me in the mouth, and then he kept on doing it until I just got to where I wouldn't hardly ever kiss him anymore, or try to, or anything." She also testified that on one other occasion defendant "pulled me across the bed and was trying to kiss me, . . ." and that defendant had beaten her several times. In our view, this testimony sheds light on the intent and design of defendant to commit the offenses with which he was charged, and thus the court properly admitted that testimony. This assignment of error is without merit.

[2]   Defendant's third assignment of error relates to the court's permitting an expert witness "to express an opinion that a woman could be raped without there being evidence of trauma about the vulva or vaginal areas." Defendant contends that "no factual basis or premise for the physician's opinion was presented to the jury for their evaluation, other than the fact that Doctor Woodall had been a physician since 1956." We do not agree. Expressions of opinion by an expert witness must be based either upon facts within the personal knowledge of the expert witness, or upon an assumed state of facts supported by evidence and recited in a hypothetical question. *Taylor v. Boger,* 289 N.C. 560, 223 S.E.2d 350 (1976); *Dean v. Carolina Coach Co., Inc.,* 287 N.C. 515, 215 S.E.2d 89 (1975); *Tucker v. Blackburn,* 28 N.C. App. 455, 221 S.E.2d 755 (1976). In the present case, the challenged opinion of the physician was obviously based upon facts within his personal knowledge. Defendant stipulated that Doctor Woodall was

an expert in the field of obstetrics and gynecology, and Doctor Woodall testified extensively as to his examination of the prosecuting witness, from which it is clear to us that Doctor Woodall has a more than adequate understanding of the medical results of incidents such as rape. This assignment of error is without merit.

[3]   While the mother of defendant was testifying in his behalf that she had never seen defendant strike his daughter, the prosecuting witness shouted out from the audience section of the courtroom on two separate occasions that defendant's mother "was lying." The trial judge had the prosecuting witness brought before the bench and in the absence of the jury, counsel for defendant moved that the court "declare a mistrial for this outburst." The trial judge denied the motion, which is the basis for defendant's fifth assignment of error. G.S. § 15A-1061 in pertinent part provides:

> Upon motion of a defendant or with his concurrence the judge may declare a mistrial at any time during the trial. The judge must declare a mistrial upon the defendant's motion if there occurs during the trial ... conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case ...

A motion for mistrial in a non-capital case is addressed to the sound discretion of the trial judge, and his ruling on the motion will not be disturbed on appeal absent a gross abuse of that discretion. *State v. Bumgarner,* 299 N.C. 113, 261 S.E.2d 105 (1980); *State v. Mills,* 39 N.C. App. 47, 249 S.E.2d 446 (1978), *disc. rev. denied,* 296 N.C. 588, 254 S.E.2d 33 (1979). Clearly, the trial judge's denial of defendant's motion did not amount to an abuse of his discretion, and defendant did not suffer "substantial and irreparable prejudice" as a result. As Judge Vaughn stated for this Court in *State v. Dais,* 22 N.C. App. 379, 206 S.E.2d 759, *cert. denied,* 285 N.C. 664, 207 S.E.2d 758 (1974): "Not every disruptive event occurring during the course of the trial requires the court automatically to declare a mistrial." *Id.* at 384, 206 S.E.2d at 762. This assignment of error is without merit.

[4]   Based on his sixth assignment of error, defendant contends the court erred in "reading the bills of indictment to the jury." We disagree. G.S. § 15A-1213 provides:

> Prior to selection of jurors, the judge must identify the

State v. Allen

parties and their counsel and briefly inform the prospective jurors, as to each defendant, of the charge, date of the alleged offense, the name of any victim alleged in the pleading, the defendant's plea to the charge, and any affirmative defense by which the defendant has given pre-trial notice as required by Article 52, Motions Practice. The Judge may not read the pleadings to the Jury.

Although reading the bill of indictment to the jury at both the beginning of the trial and in the charge to the jury has been held to be a violation of G.S. § 15A-1213 and prejudicial error, *State v. Hill,* 45 N.C. App. 136, 263 S.C.2d 14 (1980), reading a portion of the bill of indictment solely as part of the jury charge has not been held to be a violation of the statute, the reasoning being that the purpose of G.S. § 15A-1213 is to prevent giving jurors a "distorted view" of the case through the "stilted language" of indictments, and that such purpose is not served by finding a violation after the jurors have heard all the evidence. *State v. Laughinghouse,* 39 N.C. App. 655, 251 S.E.2d 667, *cert. denied and appeal dismissed,* 297 N.C. 615, 257 S.E.2d 438 (1979). In the instant case, the trial judge read the bills of indictment to the jury as part of his charge, but did not, as defendant concedes and the record indicates, read the bills to the jury at any prior point in the proceedings. Our decision in this case is controlled by *State v. Laughinghouse, supra,* and thus defendant's sixth assignment of error is meritless.

**[5]** Defendant lastly contends, based upon his seventh assignment of error, that the offenses with which he was convicted, incest and second degree rape, are not separate offenses, and since the charges against him arose out of the same transaction and are based on the same facts, the court erred in sentencing defendant on the incest conviction. We disagree. In *State v. Harvell,* 45 N.C. App. 243, 262 S.E.2d 850 (1980), the defendant argued that the court erred in refusing to merge charges against him for second degree rape and incest. This Court stated, per Judge Robert M. Martin:

> Rape requires force, incest does not. Incest requires kinship, rape does not. Obviously, they are different offenses. They have different elements and are therefore distinct offenses even though one crime was committed during the perpetration of another. [Citation omitted.]

Id. at 248, 262 S.E.2d at 853. We find this reasoning eminently sound

and controlling in the present case. This assignment of error is without merit.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges CLARK and WHICHARD concur.