STATE OF NORTH CAROLINA v. GARY LEE MYRICK AND JUANITA LANE PRESNELL

No. 8225SC635

(Filed 18 January 1983)

1. Searches and Seizures § 24— sufficiency of affidavit for warrant

An affidavit for a search warrant which alleged that the affiant, based upon personal knowledge and information from a confidential informant, had reason to believe that there was evidence of "a violation of the North Carolina Controlled Substances Act, Chapter 90-95(a)(1)" at a certain mobile home was sufficient to show probable cause for issuance of a warrant to search the mobile home although it failed to allege that controlled substances were seen or purchased at the mobile home by the informant.

State v. Myrick

**2. Narcotics § 3.3— quantity of narcotics—speculative testimony—harmless error**

Although a chemist's opinion testimony as to the number of talwin tablets which had been dissolved to form the residue in spoons found in defendants' residence may have been speculative, such testimony was not prejudicial error since the content of the residue, rather than the quantity, was the only part of the testimony relevant to the possession offense with which defendants were charged.

**3. Narcotics § 3.1— tattoo on defendant's hand—evidence not prejudicial**

The admission of a detective's testimony that defendant had a tattoo of the word "cancer" on her hand and a photograph of defendant's arm which showed the tattoo was not prejudicial to defendant where the detective properly testified about seeing needle marks on defendant's arm, and the tattoo was visible in photographs illustrating testimony about the needle marks.

**4. Criminal Law § 128.2— injury to juror from exhibit—denial of mistrial**

The trial court did not abuse its discretion in the denial of defendants' motion for a mistrial when one of the jurors pricked her finger on a hypodermic needle and began to bleed when exhibits were passed to the jury, and the injured juror was excused and replaced with an alternate before the jury began deliberations.

**5. Criminal Law § 92.5— denial of motion to sever—no abuse of discretion**

The trial court did not abuse its discretion in the denial of defendants' motion to sever their trials made on the ground that the consolidated trial prevented one defendant from having the second defendant testify in his behalf that a mobile home in which narcotics were found was not his residence.

**6. Criminal Law § 111.1— denial of motion to instruct in language of indictments**

The trial judge did not err in the denial of defendants' motions to instruct the jury in the precise language of the indictments rather than in the language of the statute under which defendants were charged where the trial judge sufficiently declared and explained the law arising on the evidence as required by G.S. 15A-1232.

**7. Criminal Law § 117.3— interested witness—possibility of probation revocation—failure to instruct**

The trial court did not err in refusing to instruct the jury that a State's witness was in danger of having her probation revoked if she failed to cooperate with the State in this case where the court gave an interested witness charge on the credibility of the witness in question.

**8. Criminal Law § 163— failure to object to charge or request instructions**

Defendants could not assign as error any portion of the charge or omission therefrom where the trial judge held a charge conference before he gave instructions to the jury and gave defendants an opportunity to object specifically to the instructions before the jury retired to deliberate, but defendants did not object or make any request for instructions. App. Rule 10(b)(2).

APPEAL by defendants from *Johnson, Judge.* Judgments entered 27 January 1982 in Superior Court, CATAWBA County. Heard in the Court of Appeals 11 January 1983.

This is a criminal action in which both defendants were charged in proper bills of indictment with: (1) knowingly maintaining a dwelling house which is resorted to by persons using controlled substances in violation of the Controlled Substances Act or for the sale of controlled substances, in violation of G.S. § 90-108(a)(7), and (2) felonious possession of pentazocine with intent to sell or deliver, in violation of G.S. § 90-95(a)(1).

Both defendants pleaded not guilty. The State offered evidence tending to show the following: On 1 October 1981, several Catawba County sheriff's deputies, armed with a search warrant, went to a mobile home located on Spencer Road in Catawba County. The deputies found in the home defendants Myrick and Presnell, Teresa Miller, Troy Long, and several other people. After the deputies entered the mobile home, Lori Bowman threw to the floor a hypodermic syringe containing a clear liquid. The liquid was subsequently tested by the SBI and proved to be liquified talwin, the trade name for the painkiller pentazocine. Another syringe containing liquified talwin was lying on the kitchen bar near defendant Myrick. Two vials, one of them containing peach-colored talwin tablets, were removed from defendant Myrick's person and seized by the deputies. The name of defendant Presnell was on the prescription label of the vial containing talwin. Several hypodermic needles and syringes were lying on a table where Troy Long was seated. Items seized from Long's possession included a plastic vial containing talwin tablets, a spoon, another needle and syringe, and shoestrings tied end to end. Numerous spoons containing a residue, which later proved to be dissolved talwin tablets, were found throughout the mobile home during the search, several of them in kitchen cabinets. Hypodermic needles also were found in a vase in the kitchen located near defendant Myrick. A roach clip was seized from the kitchen table, and two marijuana cigarettes were seized from the bedroom. The deputies saw red marks on the arms of both defendants and on the arms of the other people present. Teresa Miller testified that the mobile home was rented by defendant Presnell, who lived there with her two children and defendant Myrick. Mrs. Miller had been to the trailer approximately 200

times to purchase from defendants talwin, which she often injected into her veins while at the trailer. Mrs. Miller had seen defendants and the others present the day of the search injecting talwin into their veins while at the trailer.

Defendants put forth no evidence.

Both defendants were found guilty as charged.

From judgments imposing prison sentences of two years in each case, to run consecutively, defendants appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Kirby Kepford for defendant appellant Juanita Lane Presnell.*

*Samuel H. Long, III and Daniel R. Green, Jr. for defendant appellant Gary Lee Myrick.*

HEDRICK, Judge.

[1] Defendants first assign error to the denial of their motions to suppress the evidence seized after a search of the mobile home on Spencer Road. Defendants contend that the search warrant was fatally defective because the affidavit upon which it was based failed to identify the mobile home to be searched as the place where controlled substances were seen or purchased by the confidential informant. Thus, defendants argue, the affidavit furnishes insufficient information for showing probable cause in issuance of the warrant.

We do not agree. The affidavit, when considered contextually, alleges that the affiant, based upon personal knowledge and information from a confidential informant, has reason to believe there is evidence of

> . . . a crime, to wit: violation of the North Carolina Controlled Substances Act, Chapter 90-95(a)(1), and the property is located in the place described as follows: a Mobile Home, white in color with green trim and having a carport looking attachment to the mobile home. This Mobile Home being located on Spencer Road (RPR 1441) and being the second mobile home on the right traveling north past RPR 1544.

We hold the search warrant on its face, when considered together with the affidavit, is in all respects proper. Judge Johnson did not err in denying the defendants' motion to suppress.

Defendants' fifth, sixth, and seventh assignments of error relate to the admission and exclusion of evidence.

[2]   Defendants first contend that the court erred in allowing an expert witness, the SBI chemist who tested the drugs seized, to testify about the number of talwin tablets he believed had been dissolved to form the residue in spoons found at the mobile home. In Assignment of Error No. 3, defendants argue that an improper foundation was laid for the admission of the expert's opinion. In Assignment of Error No. 6, the argument is that the expert was merely guessing and his opinion was inadmissible speculation.

We find no prejudicial error. The expert's testimony with respect to the number of tablets needed to form the residue might have been speculative, but the information to which he testified was immaterial. The content of the residue, rather than the quantity, was the only part of the testimony relevant to the possession offense with which defendants were charged.

[3]   Defendants next contend, in Assignment of Error No. 7, that the court erred in allowing Detective James Morris to testify that defendant Presnell had a tattoo of the word "cancer" on her hand and in admitting State's Exhibit 11, a photograph of defendant Presnell's arm which showed the tattoo. Defendants argue that this evidence was irrelevant and served only to inflame the jury.

While the testimony about the tattoo and photographs depicting it might have been irrelevant, we fail to perceive how the admission of such evidence could have prejudiced the defendants. Detective Morris' testimony about seeing needle marks on defendants' arms clearly was relevant. When he viewed the needle marks, he obviously saw the tattoo, which also was visible in the photographs illustrating testimony about the needle marks. This contention is meritless.

[4]   Defendants' eighth assignment of error is based upon the court's denial of their motion for mistrial. As the exhibits were being passed by the jury, one of the jurors pricked her finger on a hypodermic needle and began to bleed. Although the court refused to grant defendants' request for a mistrial, the injured

State v. Myrick

juror was excused and replaced with an alternate before the jury began deliberations, and the remaining jurors were questioned individually about whether the incident would affect their judgment in the case. A motion for mistrial must be granted if an incident occurs which would render a fair and impartial trial impossible under the law. *State v. McCraw*, 300 N.C. 610, 268 S.E. 2d 173 (1980). The question of mistrial lies within the discretion of the trial judge, whose decision will not be disturbed on appeal absent a showing of abuse of that discretion. *State v. Allen*, 50 N.C. App. 173, 272 S.E. 2d 785 (1980); *State v. Yancey*, 291 N.C. 656, 231 S.E. 2d 637 (1977). Nothing in this record indicates that any abuse of discretion occurred.

[5] The fifth assignment of error raised by defendants concerns the denial of their motion to sever. Defendants contend in their brief that the consolidated trial prevented defendant Myrick from having defendant Presnell testify in his behalf that the mobile home was not his residence. Because the trials were consolidated, defendant Presnell would have been proving the State's case against her if she had testified and admitted that she alone maintained the mobile home. We find this argument without merit. Whether defendants should be tried jointly or separately is within the sound discretion of the trial court. In the absence of a showing that a consolidated trial has deprived the movant of a fair trial, the exercise of the court's discretion will not be disturbed upon appeal. *State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976). We find no abuse of discretion.

Defendants' Assignment of Error Nos. 9, 10, 11 and 12 relate to the court's instructions to the jury.

[6] Defendants first assign error to the denial of their motions to have the judge instruct the jury in the precise language of the bills of indictment. The bills of indictment charged that each defendant

> . . . unlawfully and wilfully did feloniously, knowingly and intentionally keep and maintain a dwelling house, which said dwelling house is and was resorted to be [sic] persons using controlled substances in violation of North Carolina General Statute chapter 90, article 5 for the purpose of using controlled substances, *and* which said dwelling house is and was

used for the keeping and selling of controlled substances in violation of General Statute 90, article 5. (Emphasis added.)

G.S. § 90-108(a)(7), under which these defendants were charged, provides:

It shall be unlawful for any person to knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, *or* which is used for the keeping or selling of the same in violation of this Article. (Emphasis added.)

Defendants argue the trial court was obligated to instruct the jury in accordance with the bills of indictment rather than the statute. It is significant that the defendants made no motions with respect to the bills of indictment prior to trial. The duty of the trial judge is to declare and explain the law arising on the evidence. G.S. § 15A-1232. Judge Johnson did precisely as required by the statute. The defendants' assignments of error are not sustained.

[7] Defendants next assign error to the trial judge's refusal to instruct the jury as requested regarding witness Teresa Miller. Defendants argue the court erred in refusing to instruct the jury that witness Miller was in danger of having her probation revoked if she failed to cooperate with the State in this case. Defendants cite no authority in support of their argument. The trial judge gave an interested witness charge on the credibility of the witness in question. Nothing more was required. The defendants' contentions are meritless.

[8] By Assignment of Error Nos. 9 and 10, defendants contend the court erred in its instructions to the jury in placing the burden of proof upon defendants to establish that they lawfully possessed a controlled substance. By Assignment of Error No. 12, defendant Myrick contends the court erred in failing to instruct the jurors that if they found as a fact that both defendants shared the same household, then possession by defendant Myrick of the controlled substance prescribed to defendant Presnell would be presumed lawful. N.C. App. R. 10(b)(2) provides in part:

No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

In the present case, Judge Johnson held a charge conference before he gave instructions to the jury and gave the defendants an opportunity to object specifically to the instructions before the jury retired to deliberate. Defendants had not objected and defendant Myrick had not made any request regarding the charge to which he now complains. The defendants have failed properly to preserve these exceptions for review.

We hold the defendants had a fair trial free from prejudicial error.

No error.

Judges WHICHARD and EAGLES concur.